IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-23-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| THEODORE EDWARD WHITFORD, JR., | |
| Defendant. | |

## I. Synopsis

The United States of America accused Mr. Whitford of violating his conditions of supervised release by (1) failing to report for substance abuse testing, (2) failing to complete substance abuse treatment, (3) committing another crime, and (4) using controlled substances. Mr. Whitford admitted to the violations. Mr. Whitford's supervised release should be revoked. The Court should sentence him to ten months in custody, with no supervised release to follow.

1

## II. Status

On May 9, 2013, Mr. Whitford pleaded guilty to Assault Resulting in Serious Bodily Injury. On August 15, 2013, Chief United States District Judge for the District of Montana Dana Christensen sentenced Mr. Whitford to twenty months in custody, with thirty-six months of supervised release to follow. (Doc. 29.) Mr. Whitford's first term of supervised release began on August 22, 2014.

On March 24, 2015, The Court received a Report of Offender Under Supervision reporting that Mr. Whitford had attempted to evade testing by submitting a substitute urine sample. (Doc. 32.) The report also noted that Mr. Whitford had missed eight urinalysis tests, used alcohol on one occasion, and used illicit drugs on three occasions. *Id*. The Court allowed the United States Probation Office (USPO) to continue working with Mr. Whitford.

On November 23, 2015, The Court revoked Mr. Whitford's supervised release because he used a controlled substance and failed to participate in substance abuse testing and treatment. The Court sentenced Mr. Whitford to four months in custody with thirty-two months of supervised release to follow. (Doc. 43.) He began his next term of supervised release on February 26, 2016.

On October 4, 2017, the United States District Judge Brian Morris revoked Mr. Whitford's supervised release because he tested positive for methamphetamine

2

and opiates, failed to report for substance abuse testing, and was terminated from substance abuse treatment. (Doc. 53.) Judge Morris sentenced him to time served and ordered him to complete substance abuse treatment. (*Id.*)

**Petition**

On March 28, 2017, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that Mr. Whitford violated the conditions of his supervised release by (1) failing to report for substance abuse testing, (2) failing to complete substance abuse treatment, (3) committing another crime, and (4) using controlled substances. (Doc. 45.)

**Initial appearance**

Mr. Whitford appeared before the undersigned on May 4, 2017, in Great Falls, Montana. Federal Defender Tony Gallagher accompanied him. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Whitford said he had read the petition and understood the allegations. Mr. Whitford waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Whitford admitted that he violated the conditions of his supervised

release. The violations are serious and warrant revocation of Mr. Whitford's supervised release.

Mr. Whitford's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Gallagher recommended that the Court sentence Mr. Whitford to a sentence at the high-end of the guideline range and terminate his supervised release. Mr. Cobell agreed with the recommendation.

### III. Analysis

Mr. Whitford's supervised release should be revoked because he admitted violating its conditions. Mr. Whitford should be sentenced to ten months in custody, with no supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Whitford was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned

explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Theodore Edward Whitford Jr. violated the conditions of his supervised release by (1) failing to report for substance abuse testing, (2) failing to complete substance abuse treatment, (3) committing another crime, and (4) using controlled substances.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Whitford's supervised release and sentencing him to ten months in custody, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of May 2017.

John Johnston
United States Magistrate Judge